**E-FILED**

Friday, 25 January, 2008  03:41:22 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## ROCK ISLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-40033 |
| | ) | |
| KIM LEE MILLBROOK, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

On December 21, 2007, Defendant Kim Lee Millbrook filed a Notice of Objection Challenging Jurisdiction, seeking review of his sentence and challenging the Court's jurisdiction over the criminal case.  Pursuant to *Castro v. United States*, 540 U.S. 375, 124 S. Ct. 786 (2003), the Court advised Millbrook of its intent to construe the pleading as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 and gave him the opportunity to either withdraw or supplement his pleading.  Millbrook responded with a supplemental pleading in which he claims that he is entering a special and limited appearance challenging jurisdiction, and that his pleading should not be construed as a § 2255 motion.

The Seventh Circuit has rejected the use of other means of circumventing the procedural bars imposed by motions brought pursuant to § 2255.  Specifically, the Court of Appeals has held:

> Prisoners cannot avoid the AEDPA's rules by inventive captioning. *See, e.g.*, *Owens v. Boyd*, 235 F.3d 356 (7th Cir. 2000) (application

for coram nobis); *United States v. Evans*, 224 F.3d 670 (7th Cir. 2000) (use of Rule 33 based on matters other than newly discovered evidence of innocence). Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover. *See, e.g.*, *Ramunno v. United States*, 264 F.3d 723 (7th Cir. 2001). Call it a motion for new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls.

*Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004).

Paragraph 1 of § 2255 provides that federal prisoners claiming the right to be released based on a sentence being imposed in violation of the Constitution or federal law, lack of jurisdiction, a sentence in excess of the maximum authorized by law, or based on other collateral attacks can file a motion in the court that imposed sentence to vacate, set aside, or correct the sentence. Millbrook's Notice of Objection Challenging Jurisdiction alleges that the Court lacked jurisdiction when it convicted him. Such a claim is within the coverage of ¶ 1 of § 2255. Thus, pursuant to *Melton*, the present filing actually is a § 2255 motion, no matter what caption Millbrook places on his filing.

Although Millbrook supplemented his original pleading, which the Court could construe as his intent to proceed and rejection of the possibility of withdrawal, he apparently did so based on his mistaken belief that he could insist that the pleading not be recharacterized as a § 2255 motion. Accordingly, the Court will afford him one last opportunity to avail himself of the protections afforded under *Castro* and will give him one more chance to withdraw his filing on or before January 30, 2008. The failure to do so will result in the Court construing the filing as his initial motion pursuant to § 2255 and proceeding accordingly.

ENTERED this 15th day of January, 2008.


/s/ Michael M. Mihm
Michael M. Mihm
United States District Judge