**E-FILED**
Thursday, 24 April, 2008  01:49:31 PM
Clerk, U.S. District Court, ILCD

### IN THE UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF ILLINOIS
### AT ROCK ISLAND

| | | |
|---|---|---|
| **KIM LEE MILLBROOK,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO. 08-4006** |
| | ) | |
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| **Respondent.** | ) | |

### UNITED STATES' MOTION TO DISMISS

COMES NOW the United States of America, by and through the undersigned Assistant United States Attorney, and moves this Court to dismiss Millbrook's Motion to Vacate, Set Aside or Correct Sentence.  In his motion, Millbrook challenges the jurisdiction of this Court claiming the United States somehow "gave up" jurisdiction over him during the pendency of his criminal case.  Though Millbrook's motion lacks any merit, it is also premature, as his direct appeal of his conviction and sentence is currently pending in the Seventh Circuit Court of Appeals.  Therefore, his motion should be dismissed without prejudice to refiling after appellate proceedings are concluded.

## I. Procedural History [1].

An Indictment was filed on March 16, 2006, charging Millbrook with being

a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2)

(Count 1), and possession with the intent to distribute at least five grams of a

mixture and substance containing crack cocaine, in violation of 21 U.S.C.

§§ 841(a)(1) and 841(b)(1)(B) (Count 2). (RI.1)

On January 17, 2007, a Superseding Indictment was returned against

Millbrook. (RI.39) Counts 1 and 2 again charged him with being a felon in

possession of a firearm and possession with intent to distribute crack cocaine.

(RI.39) The Superseding Indictment charged Millbrook in Counts 3, 4, and 5 with

three counts of witness tampering, in violation of 18 U.S.C. §§ 1512(b)(1),

and Count 6 charged him with a single count of witness retaliation, in violation

of 18 U.S.C. § 1513(b)(2). (RI.39)

Jury trial commenced on March 12, 2007.  (RI,d/e 3/12/07) On March 15,

2007, the jury found Millbrook guilty of all counts in the Superseding Indictment.

(RI,d/e/ 3/15/07)

On August 13, 2007, this Court sentenced Millbrook to 372 months of

imprisonment and 8 years of supervised release. (RI.101, d/e/8/13/07) This

Court entered its judgment on August 14, 2007, and Millbrook filed a notice of

---

[1]References to documents in the record of #06-40033 are to "RI"; references to documents in the record of #08-4006 are to "RII"; references to documents in the record of the Seventh Circuit Court of Appeals #07-2931 are to "RIII".

appeal the same day. (RI.104)

The criminal case was docketed in the Seventh Circuit Court of Appeals on August 15, 2007, as Case No. 07-2931. (RII,d/e 08/15/07) Millbrook filed his brief on December 18, 2007. (RIII,d/e 12/18/08) On appeal, Millbrook claimed this Court : 1)erred in denying his motion to suppress evidence; 2) improperly allowed evidence of the defendant's prior crack sale to an undercover police officer; 3) erred in allowing expert testimony that the large amount of small denomination currency the defendant possessed when he was arrested was consistent with the street sales of drugs; and 4) should have considered recent changes in the crack cocaine sentencing guidelines at sentencing.  Millbrook also advanced a fifth claim, that the evidence at trial was insufficient to sustain his conviction for witness retaliation.

The government filed its brief on March 14, 2008.  (RIII,d/e 3/14/08) Oral argument has been scheduled for May 5, 2008.  (RIII,d/e 3/24/08)

On December 21, 2007, while his direct appeal was still pending, Millbrook filed a Special and Limited Entry of Appearance, which was docketed in this Court as a Notice of Objection Challenging Jurisdiction. (RI.114)  On December 28, 2007, this Court entered an Order placing Millbrook on notice that the Court intended to recharacterize the filing as a motion seeking relief under 28 U.S.C. § 2255, and allowing Millbrook the opportunity to withdraw the filing on or before

January 14, 2008. (RI.115) Millbrook then filed several responses to the Court's

Order (RI.116,118,119,120), but did not withdraw the Special and Limited Entry

of Appearance.  On January 15, 2008, this Court again gave Millbrook an

opportunity to withdraw his filing to avoid recharacterization as a motion under

§ 2255, but the defendant again declined to do so. (RII.4)

This Court docketed the Special and Limited Appearance as a Motion to

Vacate, Set Aside or Correct Sentence (2255) on January 25, 2008, in Case No. 08-

4006. (RII.1) The government has been ordered to respond by April 28, 2008.

(RII,d/e 03/31/08)

## II.  Analysis

As an initial matter, this Court properly construed the Special and Limited

Appearance as a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C.

§ 2255.  The Court properly forewarned Millbrook that it would construe the

filing as an initial § 2255, and twice afforded him the opportunity to withdraw his

motion. (RI.115,117,d/e 01/25/08) Millbrook declined to do so.

It is well-established, however, that a district court should not consider

§ 2255 motions while a direct appeal is pending, absent the rare case where

"extraordinary circumstances" are present.  *United States v. Barger*, 178 F.3d 844,

848 (7th Cir. 1999); *United States v. Robinson*, 8 F.3d 398, 405 (7th Cir. 1993) (citing

cases).  The determination of whether extraordinary circumstances exist

"depends upon the need for speedy relief against the need for conservation of

judicial resources" and is left to the sound discretion of the district court.  *United*

*States v. Davis*, 604 F.2d 474, 485 (7th Cir. 1979).  The rationale for the rule is

grounded in concerns for judicial efficiency, because "the disposition of the direct

appeal could render the § 2255 motion moot."  *Barger,* 178 F.3d at 848.

The defendant's claim in this case is frivolous, and does not begin to rise to

the level of "extraordinary circumstances" that would justify proceeding while

the defendant's direct appeal is pending.  As the defendant admits in his motion,

he was taken into federal custody in March of 2006 when his state gun and drug

charges were dismissed in lieu of federal prosecution. (RII.1 at ¶ 2). After

appearing in federal court, the defendant was ordered detained pending trial and

remanded to the custody of the U.S. Marshals Service, which housed Millbrook at

various area county jails pursuant to contracts with those facilities to house

federal prisoners.  While Millbrook was housed in the Henry County Jail, he was

charged in Henry County Circuit Court with committing an assault on a fellow

inmate.  Though, as the defendant admits, no writ or other legal process was filed

to transfer him from federal to state custody, (RII.1 at ¶ 9), the defendant claims

he nonetheless made several appearances in Henry County Circuit Court in

connection with the state criminal charges filed against him for the jail assault.

(RII.1 at ¶¶ 8,12,14)

Despite the complete absence of any writ, court order, or other official process transferring custody or jurisdiction over the defendant from federal to state authorities, the defendant points to the fact that he appeared in Henry County Circuit Court, and makes the wholly unsupported quantum leap to claim that the United States somehow silently or by omission "gave up" jurisdiction over him.  He cites no case law indicating it is even possible to "give up" jurisdiction over an in-custody defendant who has been ordered detained and placed in Marshals custody without a writ or court order.  At most, the facts alleged by the defendant show that the defendant – who was in federal custody but housed in the Henry County Jail pursuant to that facility's contract with the Marshals Service – was informally brought into the courthouse adjoining the jail for court appearances on the state charges, then returned to the Henry County Jail.

Thus, even if Millbrook has some sort of jurisdictional claim, it is misplaced; at most, his claim is that state authorities did not properly obtain jurisdiction over a federal defendant by seeking his transfer from federal custody.  Because so such transfer took place, the United States never "gave up" jurisdiction over the defendant.  As such, any jurisdictional challenge ought to be directed to the defendant's state court case, not his federal case.

In this case, Millbrook has not alleged any extraordinary circumstances

6

that would justify this as one of the rare cases where this Court should consider

his § 2255 while his direct appeal is still pending.  In fact, Millbrook's petition

lacks any merit at all.

Additionally, a § 2255 motion is not a substitute for a direct appeal.

*Theodorou v. United States*, 887 F.2d 1336, 1339 (7th Cir. 1989).  For constitutional

challenges to be properly brought in a §2255 proceeding, a "defendant must

make a showing of good cause for, and prejudice from, the failure to raise the

issues on direct appeal".  *Barger*, 178 F.3d at 848.  Millbrook has not raised this

issue on direct appeal, and he has failed to offer any explanation why he did not

do so.

**III. Conclusion**

Because Millbrook's direct appeal is still pending before the Seventh

Circuit, and he has not presented any evidence of "extraordinary circumstances,"

his § 2255 motion should be dismissed without prejudice to refiling upon the

completion of appellate proceedings.

> Respectfully Submitted,
>
> RODGER A. HEATON
> UNITED STATES ATTORNEY
>
>
> BY:    /s/ John K. Mehochko
>        JOHN K. MEHOCHKO
>        ASSISTANT U.S. ATTORNEY
>        1830 2nd Avenue, Suite 320
>        Rock Island IL 61201
>        Telephone: 309/793-5884

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 24, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. I hereby certify that I have mailed the document by United States Postal Service to the following non-CM/ECF participants: Kim Lee Millbrook, Reg. No. 13700-026, FCI Terre Haute, Inmate Mail/Parcels, PO Box 33, Terre Haute, IN 47808.

/s/ Valerie Myers
Valerie Myers
Legal Assistant