UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| KIM LEE MILLBROOK, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Case No. 08-4006 |

**O R D E R**

This matter is now before the Court on Petitioner, Kim Lee Millbrook's ("Millbrook"), Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the § 2255 Motion is DISMISSED WITHOUT PREJUDICE.

**BACKGROUND AND PROCEDURAL HISTORY**

On March 15, 2007, a jury found Millbrook guilty of being a felon in possession of a firearm, possession with intent to distribute crack cocaine, witness tampering, and witness retaliation in the United States District Court for the Central District of Illinois. On August 13, 2007, Millbrook was sentenced to 372 months' imprisonment and 8 years' supervised release. Judgment was entered on August 14, 2007, and Millbrook filed a Notice of Appeal of his conviction and sentence to the Seventh Circuit Court of Appeals that same day. This appeal remains pending.

On December 21, 2007, Millbrook filed the instant action entitled "Special and Limited Entry of Appearance" seeking collateral review of his conviction and sentence

based on his assertion that the Court lacked jurisdiction to convict him. Millbrook was given notice of the Court's intent to construe his filing as his first motion pursuant to 28 U.S.C. § 2255, as well as the effect of such characterization in light of his pending direct appeal, and given an opportunity to withdraw his filing. Millbrook then filed a non-responsive pleading, and the Court reiterated its warning pursuant to Castro and allowed one final opportunity for him to withdraw his pleading. On January 25, 2008, the Court entered can Order construing the filing as a § 2255 motion. Millbrook objected to the recharacterization, and the Court for the third time clearly informed him of the consequences of his decision to pursue this case at this time. After he once again declined to withdraw his motion, the Court directed the Government to respond.

On April 24, 2008, the Government filed its Motion to Dismiss, and Millbrook followed with his traverse. However, Millbrook also filed a Notice of Appeal to the Seventh Circuit, and the matter was stayed pending resolution of the appeal. On August 6, 2008, the Court of Appeals issued its mandate dismissing the appeal as premature, and this Order follows.

## DISCUSSION

In his § 2255 Motion, Millbrook argues that the Government somehow relinquished federal jurisdiction over him when he was permitted to appeal on state court charges in Henry County in January 2007. Accordingly, he contends that the Court lacked jurisdiction to convict and sentence him.

The Government responds that his motion is premature given the fact that his direct appeal is still pending before the Seventh Circuit. The Court is well-aware of this fact, advised Millbrook on multiple occasions of the consequences of persisting in this action,

and attempted to dissuade him from pursuing his jurisdictional challenge in this venue at this time. However, Millbrook has insisted on persisting with his jurisdictional challenge, and the question is whether the Court should exercise its discretion to spare him from consequences that he knowingly brought on himself.

There is no bar to raising a § 2255 challenge during the pendency of a direct appeal. United States v. Barger, 178 F.3d 844, 848 (7th Cir. 1999). That being said, the Seventh Circuit has advised that a § 2255 motion should not be considered while the direct appeal is pending absent "extraordinary circumstances," as the disposition of the appeal could render the motion moot. Id., *citing* United States v. Robinson, 8 F.3d 398, 405 (7th Cir. 1993). This discretionary determination is dependent on the balance of the need for expeditious relief against the interests in conserving judicial resources. United States v. Davis, 604 F.2d 474, 485 (7th Cir. 1979).

The Government argues that the present motion is frivolous and does not come close to establishing the kind of extraordinary circumstances necessary to warrant consideration of the Motion before the conclusion of the direct appeal. The Court agrees, and therefore, dismisses the Motion without prejudice to refiling after the Seventh Circuit has decided his direct appeal. Millbrook is further advised that he must refile his motion within the time limits prescribed by § 2255(f) and must include each and every claim for relief.

## CONCLUSION

For the reasons set forth herein, the Government's Motion to Dismiss [#19] is GRANTED, and Millbrook's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [#1] is DISMISSED WITHOUT PREJUDICE.  This matter is now TERMINATED.

ENTERED this 14th day of August, 2008.

                                          s/ Michael M. Mihm
                                          Michael M. Mihm
                                          United States District Judge